1  JODI LINKER
   Federal Public Defender
2  Northern District of California
   KARTHIK RAJU
3  Assistant Federal Public Defender
   19th Floor Federal Building - Box 36106
4  450 Golden Gate Avenue
   San Francisco, CA 94102
5  Telephone:  (415) 436-7700
   Facsimile:   (415) 436-7706
6  Email:        Karthik_Raju@fd.org

7

8  Counsel for Defendant ROBERTSON

9

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  UNITED STATES OF AMERICA,        | **Case No.:** CR 23-139 JD

15            Plaintiff,             | **DEFENDANT'S SENTENCING**
                                     | **MEMORANDUM**
16        v.
                                     | **Court:**        Courtroom 11, 19th Floor
17  JESSE LEE  ROBERTSON,            | **Hearing Date:** October 28, 2024
                                     | **Hearing Time:**  10:30 a.m.
18            Defendant.

19

20

21

22

23

24

25

26

27

28

DEF'S SENT. MEM.
ROBERTSON, CR 23–139 JD

1

**INTRODUCTION**

Jesse Robertson pleaded guilty to the serious charge of possessing a firearm while addicted to drugs.  He is 50 years old and lives in Grants Pass, Oregon. Apart from this case, he has a single, five-year-old conviction for possessing drugs. He successfully completed probation on that case and no allegations of sale or distribution were made. Mr. Robertson has absolutely no history of violence, but he has suffered from decades of severe drug addiction.

After Mr. Robertson got clean in 2018, he relapsed shortly thereafter. He continued to struggle with his two-decade old addiction, and he returned to heavily using opiates, fentanyl and methamphetamine. In 2023, shortly following his initial appearance in this case, Mr. Robertson entered inpatient treatment at Oxford House in Oregon. He successfully graduated from the program, and he has been sober for **15 months**. Moreover, since this case began more than one year ago, Mr. Robertson has been supervised by pretrial services and has incurred no violations, including not a single positive drug test. To be sure, Mr. Robertson has not used any drug since he entered treatment more than one year ago. He now resides in a sober living house (SLE) in Grants Pass, Oregon.

Indeed, his arrest in this matter has remarkably changed the direction of Mr. Robertson's life. This is the first time in 20 years he has been sober for a significant amount of time. He recently enrolled in college classes. Mr. Robertson yearns to use the lessons he learned in overcoming his addiction to help others by becoming a drug treatment counselor. Accordingly, Mr. Robertson kindly requests that the Court impose a sentence of time-served to be followed by three-years of supervised release. Such a sentence is appropriate based on the factors delineated in 18 USC § 3553(a).

**PERSONAL BACKGROUND**

Jesse Lee Robertson, 50, was born in Sacramento, California, to Clifford Alan Robertson, 80, a retired employee of the Del Norte County California Youth Authority, and Darlene Ellen Monaco, 77, a caretaker. He has two paternal half-siblings and a maternal half-brother. He also has two brothers: Zephaniah Robertson, 52, with whom he has no contact, and Bodhan Robertson, 48, a

DEF'S SENT. MEM.
ROBERTSON, CR 23–139 JD

2

1

2

disabled veteran receiving treatment at the VA Rehabilitation Center in White City, Oregon. *See* PSR

at ¶ 47.

3

4

5

6

7

Mr. Robertson completed his high school education at American Legion High School in Oak

Park, California, in 1992. He later attended American River College in Sacramento but did not obtain

any degree or certificate. Now, hoping to better himself, he is presently studying at Rogue

Community College in Grants Pass. *Id*.

8

**ARGUMENT**

9

10

I.    **A Sentence Of Time-Served Followed by Three Years of Supervised Release Is A
      Reasonable Sentence To Achieve The Goals Of § 3553(a)**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In sentencing Mr. Robertson, this Court must consider all of the directives set forth in 18

U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court. *See*

*United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570

(2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but

not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984,

991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the

seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the

offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes

of the defendant; and (6) provide the defendant with needed educational or vocational training,

medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. §

3553(a)(2). Section 3553(a) also directs the Court to consider additional factors, including: the nature

and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, §

3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, §

3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid

unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of

the offense, § 3553(a)(7).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Pre-Sentence Report ("PSR") has calculated a final offense level of 17 and a Criminal History Category ("CHC") of I, resulting in an advisory Guidelines range of 24-30 months. Mr. Robertson agrees with the CHC and guidelines calculations.

The defense and government reached a plea agreement pursuant to FRCP 11(c)(1)(c). Both parties agree that Mr. Robertson should be sentenced to time-served and a period of supervision when he successfully completes the drug treatment in which is currently receiving treatment. Should Mr. Robertson be unsuccessful, a violation will be filed, and the government can request any sentence; the defense is bound to ask for no less than 75% of the low-end of the guidelines.

### A.     The nature and circumstances of the offense

Mr. Robertson accepted responsibility by pleading guilty to the sole count in the indictment before trial. On June 23, 2024, before Your Honor, he admitted without equivocation that he unlawfully possessed the firearm on the date in question. Not once has Mr. Robertson ever used or displayed the firearm. It was in the trunk of the vehicle because Mr. Robertson was struggling to keep a roof over his head and had no place to safely store a gun. While Mr. Robertson possessed the gun, it was never used in a crime, and ballistics/NIBIN testing shows the gun was not used in any crimes anywhere. Mr. Robertson was in the throes of methamphetamine and fentanyl addiction on the date of incident. He was using daily and would suffer severe withdrawal symptoms without constant use. Indeed, he was always high.

Mr. Robertson had heard from others that fentanyl was readily available in San Francisco, and so he and friend drove there from Oregon on June 23, 2024. Upon arrival, a police officer engaged with the passenger in the car Mr. Robertson was in, and officers observed drugs in the passenger compartment. Officers proceeded to search the vehicle and recovered the firearm from the trunk.

What Mr. Robertson stands convicted of in the instant matter is a non-violent offense that stemmed from severe addiction that caused him to make poor decisions. Mr. Robertson

DEF'S SENT. MEM.
ROBERTSON, CR 23–139 JD

wholeheartedly regrets his conduct and recognizes that his actions were unlawful and fully inconsistent with any of Mr. Robertson's previous conduct or the manner in which he wishes to lead his life going forward.

Indeed, Mr. Robertson desires to chart a new course where his main considerations are for his sobriety, work, and his college-bound teenage daughter. He intends to not fall back into the old, destructive habits that led him here, and his girlfriend has committed to standing by and assisting him.

### B.        The history and characteristics of Mr. Robertson

Mr. Robertson did not grow up in privilege or wealth. As a child, he lacked the guidance and mentoring needed to overcome the challenges that he would encounter as an adult. Now 50 years of age, Mr. Robertson laments the poor choices he has made that caused him to run afoul of the law. He understands the instant case is serious, but he respectfully asks the Court to meaningfully take account of the sobriety he has at long last achieved, and his sincere remorse and commitment to change.

Mr. Robertson described his childhood as "tumultuous" beginning at age five. His father was mainly physically and verbally abusive towards his mother, but the abuse also extended to the rest of the family. PSR ¶ 38. After his mother left the house when he was about 10, the abuse then focused on him. He mentioned that he often became a target because he resembled his mother and would intervene to protect his brothers. He also reported being sexualized at a young age, saying he saw and experienced things he should not have but declined to go into detail. In his 30s, he was also deeply impacted by the suicide of a close friend, an incident about which Mr. Robertson has difficulty discussing.

In 2000, Mr. Robertson married Natalie Perrin in Sacramento, California. They separated in 2008 and finalized their divorce in June 2009. Together, they have two children who both live in

DEF'S SENT. MEM.
ROBERTSON, CR 23–139 JD

California and maintain a relationship with their father. Before this marriage, he fathered a daughter with Roseanna Parino, who now resides in Louisville, Kentucky, and stays in touch with him. He also has a 15-year-old daughter with Alicia Gerber. Around 2014 or 2015, Child Protective Services (CPS) opened a case involving this daughter and her half-siblings (Ms. Gerber's children from a previous relationship). Mr. Robertson temporarily became their custodian and foster parent until custody was restored to Ms. Gerber. His daughter currently lives with her mother in Oregon.

Mr. Robertson has been in a relationship with Ivy Tennison for the last two months.

### CONCLUSION

Mr. Robertson has been living at The Glens, a sober living facility in Grants Pass, Oregon, since late August. His studio unit, which includes a kitchen and bathroom, was inspected by a Pretrial Services Officer, who found no concerns. He has lived in Oregon continuously since relocating from Sacramento in 2009. Previously, he lived in Cave Junction, Oregon, before moving back to Sacramento to complete high school.

For the reasons set forth above, Mr. Robertson respectfully requests that the Court honor the agreed-upon disposition and sentence him to time-served and three-years of supervised release. Such a sentence is reasonable to achieve the goals laid out in § 3553(a), and is sufficient, but not greater than necessary.

Dated: October 15, 2024

Respectfully submitted,
JODI LINKER,
Federal Public Defender
Northern District of California

            /S
_____
KARTHIK RAJU
Assistant Federal Public Defender

DEF'S SENT. MEM.
ROBERTSON, CR 23–139 JD